**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4847**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW EUGENE BARRENTINE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:09-cr-00953-RBH-1)

Submitted: March 29, 2011          Decided:  April 14, 2011

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Carrie Ann Fisher, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Eugene Barrentine pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). The district court sentenced Barrentine as an armed career criminal to the statutory mandatory minimum term of imprisonment of 180 months.

On appeal, Barrentine's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he finds no meritorious issues for appeal. Counsel does call two issues to our attention: (1) whether the district court fully complied with the dictates of Fed. R. Crim. P. 11 in taking Barrentine's guilty plea; and (2) whether Barrentine's sentence was unreasonable. Barrentine, through a letter, raises the issue of ineffective assistance of counsel. The Government chose not to file a response.

Our review of the record leads us to conclude that Barrentine has no valid claims to relief. Because Barrentine did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). "To establish plain error, [Barrentine] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d

247, 249 (4th Cir. 2007). Even if Barrentine satisfies these requirements, "correction of the error remains within [the court's] discretion, which [the court] should not exercise . . . unless the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

The district court failed to question Barrentine as to whether he understood the warning that any false answers while under oath may be used against him in a future prosecution for perjury and failed to inform Barrentine of his right to appointed counsel and to have counsel present at every stage of the proceeding. These errors do not rise to the level of plain error in this case because the record does not evidence a reasonable probability that, but for the errors, Barrentine would not have entered his plea of guilty. United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009).

We review a district court's imposition of a sentence under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). The district court imposed a sentence at the mandatory minimum term of imprisonment provided by statute. It had no discretion to sentence Barrentine to a lesser term. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Such a sentence is per se

reasonable and cannot be error.  United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

Finally, we decline to consider on direct appeal Barrentine's claim that his trial counsel provided ineffective representation.  To allow for adequate development of the record, ineffective assistance of counsel claims must ordinarily by pursued in appropriate post-conviction proceedings.  See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because ineffective assistance of counsel is not conclusively established by the present record, Barrentine must pursue this claim on collateral attack.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Barrentine's conviction and sentence.  We deny Barrentine's motion to extend time to file a pro se supplemental brief.  This court requires that counsel inform Barrentine, in writing, of the right to petition the Supreme Court of the United States for further review.  If Barrentine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Barrentine.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED